Clark County, Ohio
FILED
DEC 12 2024
Common Pleas Court
Melissa M. Tuttle, Clerk

**IN THE COURT OF COMMON PLEAS**
**CLARK COUNTY, OHIO**

| | |
|---|---|
| ERICKA TITH<br>1100 Lanes Dale Drive<br>Fairborn, Ohio 45324,<br><br>Plaintiff,<br><br>v.<br><br>GORDON FOOD SERVICE, INC.<br>4980 Gateway Boulevard<br>Springfield, Ohio 44502,<br><br>Serve Also:<br><br>GORDON FOOD SERVICE, INC.<br>c/o Corporation Service Company<br>Registered Agent<br>1160 Dublin Road, Suite 400<br>Columbus, Ohio 43215,<br><br>Defendant. | CASE NO.: **24 CV 955**<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Ericka Tith, by and through undersigned counsel, as her Complaint against Defendant Gordon Food Service, Inc. ("GFS"), states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Tith is a resident of the City of Fairborn, Greene County, Ohio.

2. At all times herein, Tith was acting in the course and scope of her employment.

3. GFS is a foreign corporation that does business at 4980 Gateway Boulevard, Springfield, Ohio 44502.

4. GFS is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

5. GFS hires citizens of the State of Ohio, contracts with companies in Ohio, and owns or rents property in Ohio. As such, the exercise of personal jurisdiction over GFS comports with due process.

**EXHIBIT A**

6. The claims herein arose from or relates to the contacts of GFS with Ohio residents, thereby conferring specific jurisdiction over GFS.

7. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

8. All of the material events alleged in this Complaint occurred in Clark County, Ohio.

9. Tith has properly exhausted her administrative remedies pursuant to R.C. § 4112.01 *et seq*.

### FACTS

10. Tith is a former employee of GFS.

11. Tith began working for GFS in or around August 2015.

12. Tith worked for GFS as a Dispatcher and as a Router.

13. Tith is female.

14. In or around March 2023, Tith married her husband ("Wedding").

15. Tith's husband is male.

16. Shortly after her Wedding, Tith's coworkers found out that Tith got married via a newspaper publication.

17. After Tith's coworkers found out about her Wedding, they made rude, offensive, and snide remarks about Tith and her husband ("Gender Discrimination").

18. The coworkers committing the Gender Discrimination were male.

19. The Gender Discrimination was led by Wade Folker.

20. Folker was the Transportation Manager.

21. Folker is male.

22. Folker did not participate in the decision to hire Tith.

23. Folker participated in the Gender Discrimination.

**EXHIBIT A**

Case: 3:25-cv-00009-MJN Doc #: 3 Filed: 01/13/25 Page: 3 of 12 PAGEID #: 25

24. Nick Hartley, Terminal Manager, also participated in the Gender Discrimination.

25. The Gender Discrimination included Folker and Hartley telling Tith that she cannot work because she has kids ("Cannot Work Comment").

26. The Cannot Work Comment was gender discrimination because Folker and Hartley were suggesting that a woman's place was at home caring for children, not working.

27. The Cannot Work Comment perpetuated an offensive stereotype about women.

28. The Gender Discrimination included the coworkers asking Tith if she asked her husband for permission to do certain tasks.

29. The Gender Discrimination included the coworkers telling Tith that she was "no longer one of the guys" because she got married.

30. The Gender Discrimination included the coworkers telling Tith that she must not want to work for GFS because of her decision to get married.

31. The Gender Discrimination included Folker and the coworkers nitpicking Tith's work.

32. The Gender Discrimination included Folker and the coworkers becoming overly critical of Tith's work.

33. The Gender Discrimination included Folker making a point to tell Tith that her stepchildren were "technically not hers" because of her marriage whenever Tith brought up her stepchildren.

34. The coworkers did not subject similarly situated male employees to conduct like the Gender Discrimination.

35. Folker did not subject similarly situated male employees to conduct like the Gender Discrimination.

3

**EXHIBIT A**

36. In response to the Gender Discrimination, Tith repeatedly and constantly told Folker and her coworkers to stop treating her differently because of her gender ("Reports of Gender Discrimination").

37. In response to the Reports of Gender Discrimination, Folker failed to take prompt remedial action.

38. In response to the Reports of Gender Discrimination, GFS failed to take prompt remedial action.

39. In or around August 2023, Tith reported the ongoing Gender Discrimination to GFS's Human Resources department ("HR Report of Discrimination").

40. In response to the HR Report of Discrimination, Folker failed to take prompt remedial action.

41. In response to the HR Report of Discrimination, GFS failed to take prompt remedial action.

42. Instead of addressing Tith's reports of gender discrimination, Folker issued Tith a baseless and retaliatory write-up on or about August 31, 2023.

43. Despite her reports of gender discrimination, the discriminatory behavior from Folker and the other male employees never changed.

44. From September 2023 through December 8, 2023, Tith continued told Folker and her coworkers to stop treating her differently because of her gender ("Continued Reports of Discrimination").

45. In response to the Continued Reports of Discrimination, Folker failed to take prompt remedial action.

46. In response to the Continued Reports of Discrimination, GFS failed to take prompt remedial action.

47. On or about December 8, 2023, Folker terminated Tith's employment ("Termination").

48. The Termination was gender discrimination.

**EXHIBIT A**

49. The Termination was retaliation.

50. The Termination was retaliation for the Reports of Gender Discrimination.

51. The Termination was retaliation for the HR Report of Discrimination.

52. The Termination was retaliation for the Continued Reports of Discrimination.

53. GFS has a progressive disciplinary policy ("Discipline Policy").

54. A verbal warning is the lowest level of discipline in the Discipline Policy.

55. Tith did not receive a verbal warning before the Termination.

56. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

57. Tith did not receive a written warning before the Termination.

58. A termination is the highest level of discipline in the Discipline Policy.

59. GFS knowingly skipped progressive disciplinary steps in terminating Tith.

60. GFS knowingly terminated Tith's employment.

61. GFS knowingly took an adverse employment action against Tith.

62. GFS knowingly took an adverse action against Tith.

63. GFS intentionally skipped progressive disciplinary steps in terminating Tith.

64. GFS intentionally terminated Tith's employment.

65. GFS intentionally took an adverse employment action against Tith.

66. GFS intentionally took an adverse action against Tith.

67. GFS knew that skipping progressive disciplinary steps in terminating Tith would cause Tith harm, including economic harm.

68. GFS knew that terminating Tith would cause Tith harm, including economic harm.

69. GFS willfully skipped progressive disciplinary steps in terminating Tith.

70. GFS willfully terminated Tith's employment.

**EXHIBIT A**

71. GFS willfully took an adverse employment action against Tith.

72. GFS willfully took an adverse action against Tith.

73. As a direct and proximate result of GFS's conduct, Tith suffered and will continue to suffer damages.

### COUNT I: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
### (as against Defendant Gordon Food Services, Inc.)

74. Tith restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

75. Tith is a member of a statutorily protected class based on her gender under Title VII.

76. GFS treated Tith differently than other similarly-situated employees based on her gender.

77. GFS discriminated against Tith on the basis of her gender throughout her employment with the company.

78. GFS terminated Tith's employment without just cause.

79. GFS terminated Tith's employment based on her gender.

80. GFS's discrimination against Tith based on her gender violates Title VII.

81. As a direct and proximate result of GFS's conduct, Tith suffered and will continue to suffer damages.

### COUNT II: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*
### (as against Defendant Gordon Food Services, Inc.)

82. Tith restates each and every prior paragraph of this complaint, as if it were fully restated herein.

83. As a result of GFS's discriminatory conduct described above, Tith complained about the gender discrimination she was experiencing.

84. Subsequent to Tith's reporting of sexual harassment to her supervisor and to GFS's Human Resources Department, Tith received a retaliatory write up.

EXHIBIT A

85. Subsequent to Tith's reporting of sexual harassment to her supervisor and to GFS's Human Resources Department, Tith's employment was terminated.

86. GFS's actions were retaliatory in nature based on Tith's opposition to the unlawful discriminatory conduct.

87. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

88. As a direct and proximate result of GFS's conduct, Tith suffered and will continue to suffer damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Ericka Tith respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring GFS to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

**EXHIBIT A**

  (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Tith for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Tith claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

                Respectfully submitted,

                */s/ Samuel Long*
                Samuel Long (0103931)
                Hannah Martin (0103992)
                SPITZ, THE EMPLOYEE'S LAW FIRM
                11260 Chester Road, Suite 825
                Cincinnati, Ohio 45246
                Phone: (513) 285-0351
                Fax: (216) 291-5744
                Email: sam.long@spitzlawfirm.com
                    hannah.martin@spitzlawfirm.com
                *Attorneys for Plaintiff Ericka Tith*

## JURY DEMAND

Plaintiff Ericka Tith demands a trial by jury by the maximum number of jurors permitted.

**EXHIBIT A**

/s/ *Samuel Long*
Samuel Long (0103931)
Hannah Martin (0103992)

*Attorneys for Plaintiff Ericka Tith*

**EXHIBIT A**

| Print |
|---|

# Common Pleas Court of Clark County, Ohio
## Clerk of Courts

## INSTRUCTIONS FOR SERVICE

Clark County, Ohio
**FILED**
DEC 16 2024
Common Pleas Court
Melissa M. Tuttle, Clerk

ERICKA TITH
_____
PLAINTIFF(S)

Vs.

GORDON FOOD SERVICE, INC.
_____
DEFENDANT(S)

CASE NO. **24 CV 955**

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO**

CERTIFIED MAIL SERVICE ✓   ORDINARY MAIL SERVICE ___

PERSONAL SERVICE BY THE SHERIFF OF _____ COUNTY ___

RESIDENCE SERVICE BY THE SHERIFF OF _____ COUNTY ___

PERSONAL SERVICE BY PROCESS SERVER ___

RESIDENCE SERVICE BY PROCESS SERVER ___

OF THE FOLLOWING DOCUMENTS: Summons & Complaint

**Certified Article Number**
9414 7266 9904 2237 2252 61
**SENDER'S RECORD**

9590 9266 9904 2237 2252 61

24CV0955
Gordon Food Service, Inc.
c/o Corporation Service Company
1160 Dublin Road, Suite 400
Registered Agent
COLUMBUS OH 43215

**UPON:**

| GORDON FOOD SERVICE, INC. | Corporation Service Company - Registered Agent |
|---|---|
| (NAME #1) | (NAME #2) |
| 4980 Gateway Boulevard | 1160 Dublin Road, Suite 400 |
| (ADDRESS) | (ADDRESS) |
| Springfield, Ohio 44502 | Columbus, Ohio 43215 |
| (CITY—STATE—ZIP CODE) | (CITY—STATE—ZIP CODE) |
| (NAME #3) | (NAME #4) |
| (ADDRESS) | (ADDRESS) |
| (CITY—STATE—ZIP CODE) | (CITY—STATE—ZIP CODE) |

Sam Long 0103931
**Attorney Name and Supreme Court I.D. No.**

(859) 317-5921
**Phone Number**

11260 Chester Road, Suite 825, Cincinnati, Ohio 45246
**Address, City, State, Zip Code**

| Reset |
|---|

**EXHIBIT A**

**Melissa M. Tuttle, Clerk of Courts**
Clark County Common Pleas Court
PO Box 1008
101 N Limestone Ave Suite 210
Springfield, Ohio 45502

CASE NO:   24CV0955                                            Ericka Tith vs. Gordon Food Service, Inc.

TO:   File Copy

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**SUMMONS**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

You have been named as defendant in a complaint that has been filed in the Clark County Courthouse, Court of Common Pleas, Springfield, Ohio, by plaintiff (s):

> Ericka Tith
> 1100 Lanes Dale Drive
> FAIRBORN OH  45324

A copy of the **Complaint** is/are attached hereto. The name and address of plaintiff's attorney is:

> Sam Long
> 11260 Chester Road Suite 825
> CINCINNATI OH  45246

You are hereby summoned and required to file an answer to the complaint with the Court within twenty-eight days after service of this summons on you, exclusive of the day of service. You must also serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of this answer within three days of being filed with the Court.

   If you fail to answer, appear and or defend, judgment by default will be rendered against you for the relief demanded in the complaint.

MELISSA M TUTTLE, CLERK OF COURTS

DEPUTY CLERK

Post: 21.98

12/16/2024
24CV0955
Gordon Food Service, Inc.
4980 Gateway Boulevard
SPRINGFIELD OH  45502

Certified Article Number
9414 7266 9904 2237 2252 51
SENDER'S RECORD

9590 9266 9904 2237 2252 54

**EXHIBIT A**

| Return Receipt (Form 3811) Barcode | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9266 9904 2237 2252 61 | A. Signature ☐ Agent<br>X RECEIVED ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery |
| 1. Article Addressed to:<br><br>24CV0955<br>Gordon Food Service, Inc.<br>c/o Corporation Service Company<br>1160 Dublin Road, Suite 400<br>Registered Agent<br>COLUMBUS OH 43215 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>By<br>Amy E. Kuhlman<br>Agent |
| | 3. Service Type:<br>☒ Certified Mail Clark County, Ohio<br>FILED<br>Reference Information<br>DEC 26 2024<br>Common Pleas Court<br>Melissa M. Tuttle, Clerk |
| 2. Certified Mail (Form 3800) Article Number<br>9414 7266 9904 2237 2252 68 | |
| PS Form 3811, Facsimile, July 2015 | Domestic Return Receipt |

**EXHIBIT A**